UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-48-JBC**

**DORIS A. POE,**                                                                                                    **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                            **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income and Disability Insurance Benefits.  On cross-motions for summary judgment (DE 12, DE 13), the court referred this action to United States Magistrate Judge James B. Todd, who issued the Proposed Findings of Fact and Recommendation (DE 15).  The plaintiff has filed an objection to the Report and Recommendation (DE 16).

When the parties to an action submit objections to the Magistrate Judge's report, the district court reviews the record *de novo*.  28 U.S.C. § 636 (b)(1)(C).

The court, having reviewed the record and being otherwise sufficiently advised, will decline to adopt the Magistrate Judge's report and recommendation and will remand this matter to the Commissioner for further administrative proceedings.

**The Plaintiff's Objection to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's report on the ground that, contrary to Social Security Ruling ("SSR") 00-4p, the ALJ improperly relied on testimony of a vocational expert ("VE") that was inconsistent with the information contained in the *Dictionary of*

*Occupational Titles* ("DOT").

Review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision. "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971).

**Legal Analysis**

The plaintiff suffers from chronic back pain and arthritis secondary to degenerative disc disease, carpal tunnel syndrome, gastroesophageal reflux disease, biliary dyskinesia, multiple arthralgias, fibromyalgia, and depression. AR 26. The plaintiff retains the residual functional capacity ("RFC") to perform a significant range of light work with only occasional flexion and extension of her wrists and other limitations. *Id.* at 26-27. The plaintiff is limited to jobs classified as unskilled, which have a specific vocational preparation ("SVP") of 1 or 2. SSR 00-4p; 20 C.F.R. § 404.1568(a). The ALJ found that, consistent with the VE's testimony, there exist a significant number of jobs that the plaintiff could perform in the national economy. *Id.* at 27.

The ALJ posed the hypothetical question to the VE whether there existed jobs that an individual with the plaintiff's characteristics could perform. *Id.* at 61. The VE noted that the plaintiff is limited to unskilled employment and found that she could find work at a light exertion level as a counter clerk (5,600 state; 434,000 national), office helper (27,000 state; over 2 million national), or hostess "such as in a restaurant" (3,500 state; 286,000 national). *Id.* At the sedentary level, the VE testified that the hypothetical individual could work as an order clerk (490 state; 46,000 national), information clerk (2,700 state; 209,000 national), or machine

operator (2,400 state; 374,000 national). *Id.* at 62. In response to the ALJ's question, the VE stated that her testimony was consistent with the DOT. *Id.* at 63-64.

Many of the positions encompassed by the VE's hypothetical answer have an SVP higher than 2 and are therefore not available to the plaintiff. Given her work restrictions, the plaintiff is capable of performing only 1 of 3 counter clerk listings; 2 of 5 host/hostess jobs; 1 of 5 order clerk positions; 2 of 5 information clerk jobs; and no machine operator jobs classified under the DOT. The VE's testimony as to the number of jobs available in each category of potential employment does not appear to reduce the positions available in accordance with the diminished jobs for which the plaintiff is qualified.

After the ALJ determined that the plaintiff could not perform her past relevant work, the burden shifted to the Commissioner to establish that other work exists in significant numbers in the national economy that accommodates the plaintiff's RFC and vocational factors. *Jones v. Comm'r Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Information provided by a VE can be considered in resolving this issue. *Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004); SSR 00-4p. Where the information supplied by the VE is inconsistent with the information contained in the DOT, the ALJ *must* receive an explanation of the inconsistency before relying on the VE testimony. SSR 00-4p.

The VE's testimony that a hypothetical individual described by the ALJ could perform the listed jobs necessarily implied that the requirements of those jobs are consistent with the hypothetical individual's abilities – specifically, that they have light or sedentary exertion requirements and SVPs of 1 or 2. The VE's assessment also included many jobs for which the plaintiff does not qualify because of her SVP and RFC. Thus, even though some of the jobs

3

encompassed in the VE's opinion are light or sedentary with an SVP of 2, closer inspection reveals that the VE's opinion as to the jobs the plaintiff could perform conflicts with the DOT description of those jobs. The ALJ's failure to obtain a valid explanation for the inconsistency violates SSR 00-4p.

The Commissioner proposes that, even if the VE's testimony did not coincide with the DOT information, the VE still identified a significant number of jobs that the plaintiff could perform and that remand is therefore unwarranted because the ALJ's failure to explain the conflict is harmless error. The harmless-error rule precludes the need for intervention when the "mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of the decision reached." *U.S. Steel Corp. v. U.S. Envtl. Prot. Agency*, 595 F.2d 207, 215 (5th Cir. 1979) (quoting *Braniff Airways, Inc. v. C.A.B.*, 379 F.2d 453, 466 (D.C. Cir. 1967)). The Sixth Circuit has applied the harmless-error doctrine in the social security context, refusing to remand a case for harmless error by the ALJ. *Heston v. Comm'r Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).

Another district court has found that an ALJ's failure to carry its burden at step five of the disability analysis is reversible error. *Teverbaugh v. Comm'r Soc. Sec.*, 258 F. Supp. 2d 702, 706 (E.D. Mich. 2003). Where the ALJ relies solely on a VE's testimony to determine that there are a significant number of jobs which the claimant can perform, but the ALJ fails to ensure that the VE's testimony is consistent with the DOT or that the plaintiff can in fact perform the identified jobs, there is not substantial evidence to support the decision, and the ALJ's burden is therefore not met. *Id.*

In *Heston*, the court determined that the ALJ's decision was supported by substantial

evidence on the record as a whole, despite his failure to cite a summary provided by a treating physician, and remand was therefore unnecessary. *Id.* at 535-36.  Here, the only evidence that supports the ALJ's conclusion at step five that the plaintiff can perform other work is the VE's testimony.  The VE's testimony does not constitute substantial evidence, because the testimony is not consistent with the DOT, and the ALJ failed to elicit a suitable explanation for that inconsistency.  Unlike the situation in *Heston*, the ultimate decision in this case is not supported by substantial evidence, and the error is therefore not harmless.  Accordingly,

    **IT IS ORDERED** that the court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation (DE 15) at this time.

    **IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 12) is **DENIED WITHOUT PREJUDICE** and the Commissioner's motion for summary judgment (DE 13) is **DENIED WITHOUT PREJUDICE**.

    **IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

Signed on March 29, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY